IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR GARCIA JR., as Personal Representative
to the Estate of HECTOR GARCIA,

    **Plaintiff,**

v.                                                                                         No. 2:21-cv-00485-WJ-GJF

**CORIZON HEALTH, INC.,**
**WARDEN VINCE POKLUDA, VERONICA SALAZAR,**
**CHRISTI BENNETT, MELISSA GARCIA, GLADYS HERNANDEZ,**
**HEATHER BARELA, and EDUARDO BERUMEN,**

    **Defendants.**

### DEFENDANT VINCE POKLUDA'S
### REPLY IN SUPPORT OF HIS MOTION TO DISMISS FILED
### IN LIEU OF AN ANSWER

    COMES NOW Defendant Vince Pokluda, by and through undersigned counsel, and hereby offers the following reply in support of his motion to dismiss.

**I.    RULE 17 EXPLAINS THAT STATE LAW CONTROLS THE CAPACITY IN WHICH A DEFENDANT MAY BE NAMED.**

    Plaintiff argues that state statue may not "nullify" an official capacity claim. This is not in dispute. However, Defendant Pokluda does not argue that NMSA § 4-46-1 nullifies any claim. Instead, the statute when read in the context of federal Rule 17 simply requires that official capacity claims against county defendants be brought against the respective board of county commissioners, not an individual. As explained in the motion, this is so because naming an individual county defendant in his or her official capacity is simply another way of suing that county itself. *See Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir.1998) ("An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works.").

Other courts have recognized that state statutes may control the manner in which defendants are named in federal causes of action. For example, the Eighth Circuit Court of Appeals has explained the relationship between Rule 17 and state law restrictions on the capacity to be sued in the context of an ADA claim as follows:

> Rule 17(b) defines when a party has the capacity to sue or be sued in federal court. Unlike the doctrines of standing and real-party-in-interest, "capacity is conceived to be a party's personal right to litigate." 6A Wright, Miller & Kane, Federal Practice and Procedure § 1542 (3d ed. 2010). The capacity of a unit of state or local government that is incorporated, like that of a private corporation, is determined "by the law under which it was organized." Rule 17(b)(2); see 6A Wright, Miller & Kane at § 1562; *Campbell v. Davol, Inc.*, 620 F.3d 887, 895 n. 6 (8th Cir.2010). The capacity of an unincorporated unit of government is determined, in most cases, "by the law of the state where the court is located." Rule 17(b)(3).
>
> The South Dakota Constitution provides that the legislature "shall direct by law in what manner and in what courts suits may be brought against the state." S.D. Const. Art. III § 27. The legislature by statute created the University of South Dakota, S.D. Codified Laws § 13–57–1, and later its School of Medicine, § 13–57–3.1. However, the University was not given the power to sue and be sued. Rather, the statutes created a nine-member Board of Regents that was explicitly granted "power to sue and be sued," § 13–49–11, and placed the University "under the control of the Board of Regents," § 13–57–1. Thus, the district court held that it is the Board of Regents, not the University or its School of Medicine, that has the personal capacity to sue and be sued under South Dakota law. *Accord Pushkin v. S.D. State Univ.*, No. 10–4108, 2010 WL 5089480, at *1 (D.S.D. Dec. 8, 2010). We agree.

*Lundquist v. Univ. of S. Dakota Sanford Sch. of Med.*, 705 F.3d 378, 380 (8th Cir. 2013)[1]. The Court went on to dismiss the ADA employment claims against the School of Medicine based on Rule 17 and the fact that it was not a viable defendant based on state law.

---

[1] Interestingly, in *Lundquist*, the claim against the proper defendant was dismissed for inadequate service, presumably ending the claim. *Id.* at 380.

Other courts have made similar holdings when presented with Rule 17 arguments. For example, in *United States v. City of New York*, 683 F. Supp. 2d 225, the Eastern District of New York dismissed all claims (including a Title VII claim) against the Fire Department of the City New York and the New York City Department of Citywide Administrative Services based on Rule 17(b)(3) and the New York City Charter which stated:

> all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.

*United States v. City of New York,* 683 F. Supp. 2d 225, 243–44 (E.D.N.Y. 2010)(quoting N.Y. City Charter Ch. 17, § 396), vacated on other grounds by *United States v. City of New York*, 717 F.3d 72 (2d Cir. 2013).

The Fifth Circuit has come to the same conclusion. For instance, in holding that a police department lacked the capacity to be sued, the Fifth Circuit noted that "our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir.1991)(Title VII claim)(citing *Kirby Lumber Corp. v. Anacoco–Prairie State Game & Fish Comm'n ex rel. La.*, 293 F.2d 82, 83 (5th Cir.1961); *Taylor v. Administrator of the Small Bus. Ass'n*, 722 F.2d 105, 110–11 (5th Cir.1983); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir.1990)); and *Crull v. City of New Braunfels*, 267 Fed.Appx. 338, 341 (5th Cir.2008) (per curiam)(holding that a police department was not a distinct legal entity from the city because it had not been granted the power to sue or be sued). The *Darby* court noted that the "touchstone under Texas law is whether the sued servient entity has been granted the capacity 'to sue and to be sued.' " 939 F.2d at 313 n. 1 (citing *Fazekas v. Univ. of Houston*, 565 S.W.2d 299, 302 (Tex.App.-Houston [1st Dist.] 1978,

writ ref'd n.r.e.)). As the Southern District of Texas explained, in the context of a Title VII claim, "[w]ithout such a grant of jural authority, the entity has no more of a separate legal existence than 'the accounting department of a corporation.'" *Id*. at 313 (citations omitted).

While Defendant has located no case extending this argument to an individual sued in his official capacity, he has also found no case rejecting such an argument. However, persuasive authority exists; specifically in *Mayer v. Bernalillo Cty.*, No. CV 18-0666 JB\SCY, 2018 WL 6594231 (D.N.M. Dec. 13, 2018) Judge Browning found that "Bernalillo County" was a person for purposes of § 1983 and that Rule 17 and NMSA § 4-46-1 required that 1983 claims be made against the Board and not "the County." Here, Pokluda is also a person and like "Bernalillo County" in *Meyer* he is merely being used as a stand-in for the Board. Following the logic of the cases above, the relevant question under Rule 17 is whether state law has designated any individual as someone who can be sued on behalf of the government; it has not. Further, the record does not indicate, and Plaintiff has not alleged, that Pokluda had the legal ability to sue anyone on behalf of the County, especially since he is no longer employed by the County.[2] Certainly, there is no question that Pokluda, as a former warden and now a private citizen, could initiate a suit on behalf of the Board.  As such, state law does not allow Pokluda (or any other individual) to sue or be sued on behalf of the Board of County Commissioners, and NMSA § 4-46-1 requires that claims against the County be made against the Board and not against any official capacity defendant.

Rule 17(b) states that state law controls the capacity of parties to sue or be sued. NMSA § 4-46-1 illustrates that state law requires claims against the county to be brought against the board of commissioners for that county. Claims against individual capacity defendants are the legal

---

[2] Under federal Rule 25(d), even if individual official capacity defendants were allowed under Rule 17 and NMSA § 4-46-1, a current official capacity defendant would still need to be substituted in as Pokluda is no longer the administrator.

equivalent of a claim against the county. Therefore, this Court should extend the holdings of *Darby* and *Lunquest* and find that state law does not allow the naming of an individual official capacity defendant in the county context. Upon such a finding, the Court should dismiss Pokluda with prejudice.

>    II.  **A POLICY DEFERRING MEDICAL DECISIONS TO TRAINED MEDICAL STAFF IS NOT UNCONSTITUTIONAL.**

Plaintiff has alleged that the detention center has a policy that "requires custody staff to defer all decisions regarding emergency medical transport to Corizon employees or their contractors." Response [Doc. 35] at *7. The issue before this Court is whether that alleged[3] policy violates the constitution and if so, which provision.

It is noteworthy that the Plaintiff's Second Amended Complaint contends that Plaintiff suffered a "due process" violation due to "inadequate medical care." *See* Second Amended Complaint ("SAC") at 12 (Count I). However, Plaintiff has not stated whether he is attempting to assert a substantive due process claim or a procedural due process claim. As Plaintiff has not explained which theory he is asserting, the Defendant and the Court are left to speculate. Nonetheless, there are some indicia in the SAC. For example, the absence of any claim that Mr. Garcia was punished without some formal process seems to indicate that the Plaintiff is alleging a substantive due process claim. On the other hand, he has not alleged that the purported policy at issue was conscience shocking either. If Plaintiff has intended to allege a procedural due process claim based on policy, his claim lacks allegations regarding any withholding of legal process. Thus, it fails to state a plausible claim. If, on the other hand, Plaintiff has intended to bring a

---

[3] Defendant denies the existence of such a policy and asserts that the affidavits referred to by the Plaintiff do not establish the existence of any such policy. However, for purposes of this motion, Defendant assumes the fact of the policy as pled in Plaintiff's Second Amended Complaint.

substantive due process claim, not only has he not alleged that the supposed policy was conscience shocking or that the policy was responsible for the violation by the County of a fundamental right, but this Court should not find a policy purporting to defer decisions regarding the necessary level of medical care to trained medical staff rather than corrections officers to shock its conscience. *See Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1222–23 (10th Cir. 2006) explaining that to establish a substantive due process claim

> "[T]he plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.1995). This is a "high level of outrageousness." *Id*. Establishing these limits advances "three basic principles highlighted by the Supreme Court in evaluating substantive due process claims: (1) the need for restraint in defining their scope; (2) the concern that § 1983 not replace state tort law; and (3) the need for deference to local policymaking bodies in making decisions impacting upon public safety." *Id*. at 573 (internal citations omitted).

*See also ETP Rio Rancho Park, LLC v. Grisham*, 2021 WL 431215, at *37 (D.N.M. Feb. 8, 2021) (describing the various types of substantive due process claims and explaining that executive action substantive due process claims are typically evaluated under the conscience shocking test as opposed to legislative claims that are subjected to a fundamental rights analysis). The absence of any explanation as to how any county employee conduct was unconstitutional, or even which theory Plaintiff is attempting to advance, is fatal to his claim that some underlying individual actor conduct was unconstitutional. Thus, absent unconstitutional conduct in conformity with a defective policy, the Plaintiff's claims must fail.

In sum, the Court should find that the sole claim against Pokluda fails to establish a viable *Monell* theory claim because Plaintiff has failed to allege a policy that led to a constitutional violation, both by failing to state sufficient facts to illustrate a plausible claim and by failing to illustrate an unconstitutional policy under either theory of due process protection. Even if Plaintiff

had properly pled a claim and explained what claim he was intending to assert, this Court could not plausibly find its conscience shocked by deferring medical decisions to trained medical providers as opposed to tasking front line jail staff with making medical decisions over the advice of medical staff (plaintiff alleges that a detention staff should overrule medical staff and call 911 if they disagree with medical staff). Thus, the Court should find that its conscience is not shocked and dismiss the claim against Pokluda.

## CONCLUSION

Federal Rule 17 and NMSA § 4-46-1 merge to explain that claims against counties must be brought against the respective boards of county commissioners. It is well established that official capacity claims against an individual are the equivalent of claims against the Board. As such, Pokluda may not be sued in his official capacity and the claims against him either fail to state a plausible claim, fail to establish personal jurisdiction, or both.

Similarly, the plaintiff has failed to illustrate a policy resulting in official capacity deliberate indifference and has failed to explain how any county employee conduct was a due process violation. As such, the official capacity claims must be dismissed, even if Pokluda, were an available defendant.

WHEREFORE, Mr. Pokluda respectfully requests the Court grant his motion and dismiss all of Plaintiff's claims against him with prejudice.

Respectfully submitted:

NEW MEXICO ASSOCIATION OF COUNTIES

/s/ Brandon Huss
BRANDON HUSS
DAVID A. ROMAN
111 Lomas Blvd. Ste. 424
Albuquerque, New Mexico 87102
(505) 820-8116
bhuss@nmcounties.org
droman@nmcounties.org
*Attorneys for Defendant Pokluda*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

/s/ Brandon Huss
BRANDON HUSS