## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HECTOR GARCIA JR., as Personal Representative
to the Estate of HECTOR GARCIA,

    Plaintiff,

v.                                                                 No. 2:21-cv-00485-DHU-GJF

CORIZON HEALTH, INC.,
VERONICA SALAZAR, CHRISTI BENNETT,
MELISSA GARCIA, GLADYS HERNANDEZ,
HEATHER BARELA, and EDUARDO BERUMEN,

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on May 23, 2022, at 2:00 p.m. and was attended by:

| | |
|---|---|
| Matthew E. Coyte | for Plaintiff |
| Coyte Law, P.C. | |
| 3800 Osuna Road NE, Suite 2 | |
| Albuquerque, NM 87109 | |
| (505) 244-3030 | |
| mcoyte@me.com | |
| | |
| Henry J. Paoli | for Defendants Corizon Health, Inc., |
| Scott Hulse, P.C. | Veronica Salazar, Christi Bennett, |
| 201 North Church Street, Suite 201 | Melissa Garcia, Gladys Hernandez, |
| Las Cruces, NM 88001 | Heather Barela, and Eduardo Berumen |
| (575) 522-0765 | (hereinafter "Corizon Defendants") |
| hpao@scotthulse.com | |

## NATURE OF THE CASE

This is a personal injury and civil rights matter. Plaintiff's Complaint arises from the damages caused by the alleged violation of Hector Garcia's civil and constitutional rights while at

1

the Doña Ana County Detention Center ("DACDC"). Plaintiff alleges claims of deliberate indifference to a serious medical need and medical negligence. Hector was incarcerated at DACDC from August 1, 2019, until his death on August 7, 2019. Plaintiff alleges that during previous stays at the jail, medical staff noted Hector had a history of peptic ulcers, including at least one event when an ulcer was bleeding. During Hector's August 1, 2019 stay at DACDC, Plaintiff alleges that Hector collapsed four separate times: August 4, 2019 at 5:53 p.m., August 5 2019 at 10:53 a.m., August 5, 2019 at 11:16 p.m., and August 6, 2019 at 12:07 a.m. Plaintiff alleges that during this time Hector described his pain as 10 out of 10, had abnormally high blood pressure, a "thready" pulse and had "coffee ground emesis", an indication of blood in Hector's vomit. Plaintiff further alleges that Corizon staff negligently responded to Hector's serious medical need by refusing to provide emergency medical care, causing Hector unnecessary pain and suffering and emotional distress, culminating in his death.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until **July 22, 2022** to move to amend the pleadings and until **July 22, 2022** to join additional parties in compliance with the requirements of Fed R. Civ. P. 15(a).

Corizon Defendants intend to file:

Defendants should be allowed until **August 12, 2022,** to move to amend the pleadings and until **August 12, 2022**, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(1).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is: 42 U.S.C. §§ 1983 and 1988; NMSA 1978 §§ 41-2-1 *et seq.*; 41-4-1, *et seq.*; and New Mexico law regarding the tort claims alleged in the plaintiff's complaint.

## PLAINTIFF'S CONTENTIONS

On August 1, 2019, Hector Garcia was given a sentence of six days for his failure to pay $242 in fines. That evening, Hector was booked into the DACDC to serve this six-day sentence. Hector had a history of peptic ulcers. In previous stays at the jail, medical staff noted Hector had a history of these ulcers, including at least one event when an ulcer was bleeding. Shortly into his sentence, Hector began to experience symptoms consistent with a perforated ("burst") ulcer.

At approximately 5:53 p.m. on August 4, 2019, Hector collapsed in his housing pod. Medical records indicate Hector was found face down on the floor moaning in pain. Hector was vomiting and was described as having "dry heaves." Hector asked for medical care and told Defendant Veronica Salazar, a nurse, that he had not eaten in four days. Defendant Salazar sent Hector back to his pod without treatment. Hector's request to be housed in medical went ignored, and Defendant Salazar made no attempt to have Hector seen by a higher-level provider.

At 10:53 a.m. on August 5, 2019, Hector again collapsed in the pod, and was found on his hands and knees. Hector had vomited, described his pain as 10 out of 10, and informed staff he had not had a bowel movement in 3 or 4 days. Hector's pulse was noted to be "thready" and his blood pressure was abnormally high at 160/95. Hector was helped into a wheelchair and taken to the medical department where he saw Defendant Garcia for five minutes and was diagnosed with constipation. During this short examination, Hector told Defendant Garcia he thought he had cirrhosis of the liver. Defendant Garcia did not attempt to get a history from Hector about his symptoms and she did not perform a review of symptoms associated with the complications of cirrhosis, such as gastrointestinal bleeding.

At 3:51 p.m. on August 5, 2019, Defendant Hernandez noted that Hector's abdomen was distended and that he was still in pain rated at 10 out of 10. Defendant Hernandez further noted Hector was vomiting a dark brown or orange bile substance and his abdomen was painful to palpitation, a symptom associated with perforated ulcers. Despite these obvious signs and symptoms indicating a life-threatening condition, Defendant Hernandez did not call for a higher-level provider or an ambulance.

Later in the afternoon, at 5:30 p.m., a mental health nurse saw Hector while he was housed in a segregation cell. According to medical records, the mental health nurse informed Defendant Bennett of emesis on the floor. Defendant Bennett did not call for a higher-level provider or an ambulance. Instead, Defendant Bennett advised the nurse that the patient had already seen the medical provider for this concern.

At 11:16 p.m. on August 5, 2019, Hector collapsed for a third time and was dragged out of his solitary cell by security staff. Medical notes indicate Hector's blood pressure dropped to 90/60,

his hands were cold to the touch, and the pulse oximeter could not obtain a reading. The enormous drop in blood pressure from the previous reading, coupled with symptoms of cold extremities, distended abdomen, excruciating pain, and blood in the vomit, indicated Hector was dying. Yet, no defendant called 911.

Instead, at 11:40 p.m. Defendant Eddie Berumen, a nurse practitioner, was called and informed of the situation. Defendant Berumen made no attempt to provide for a higher level of care for Hector, but instead instructed medical staff to provide him with IV fluids. Medical staff could not get a saline drip connected to Hector's arm. As such, they could not provide any treatment intravenously. Instead of ordering an ambulance, or arranging for someone capable of providing an IV, Defendant Berumen ordered staff to give Hector fluids to drink.

At 12:07 a.m. on August 6, 2019, video evidence shows Hector collapsed a fourth time. Defendant Barela noted that Hector had "coffee ground emesis," an indication of blood in Hector's vomit. Defendant Berumen was again told that Hector was vomiting blood. At 1:00 a.m., Defendant Berumen finally ordered Hector to be taken to the hospital. Defendant Berumen instructed staff not to use an ambulance but to use a security van to transport Hector to the hospital. This resulted in a 30-minute delay while security staff arranged a transport. Hector later suffered cardiac arrest, while alone and shackled in the back of a security van and was declared dead on August 7, 2019.

Corizon Defendants were deliberately indifferent to Hector's serious and obvious medical needs. By refusing to provide emergency medical care to Hector, Corizon Defendants allowed Hector to needlessly suffer extreme pain and anxiety as he experienced a perforated ulcer. Corizon

Defendants further prevented Hector from obtaining the emergency medical care that more than likely would have saved his life.

**DEFENDANTS' CONTENTIONS**

Corizon Defendants deny the allegations of the plaintiff. As relevant to this case, Corizon Defendants contend that Hector Garcia was incarcerated at the DACDC in early August of 2019. On or about August 4, 2019, Hector Garcia received medical treatment from the Corizon medical providers in which he reported that he was withdrawing from the effects of drug use. Corizon Defendants contend that there was nothing communicated, or reasonably known to the Corizon Defendants to indicate that Hector Garcia's medical condition required additional treatment separate from what medical care and treatment was provided.

On or about August 5, 2019, Hector Garcia was assessed, on multiple occasions, by the Corizon medical providers; and he was provided medication consistent with the complaints that were communicated to the Corizon medical staff. Hector Garcia also refused to be seen, on multiple occasions, by the Corizon Defendants' medical providers for a detox withdrawal assessment on the afternoon of August 5, 2019. Later that afternoon and evening, Hector Garcia was seen and assessed by other Corizon medical staff for additional complaints. Subsequently, Hector Garcia refused to be seen for additional medical care/treatment on the evening of August 5, 2019, at approximately 10:30 p.m. and 11:08 p.m.

Thereafter, Hector Garcia was seen by Corizon medical staff for further care and treatment after he continued to raise complaints, and additional care/treatment was provided to him. In the early morning hours of August 6, 2019, Hector Garcia was sent to the emergency room by Corizon medical staff as a result of complaints that were raised. As a result, Hector Garcia was transported

to Memorial Medical Center for additional care and treatment, and that he was subsequently diagnosed with a perforated ulcer. Corizon Defendants contend that the actions of their medical staff complied with the relevant standard of care in light of Hector Garcia's communicated complaints, and that the treatment provided to him was appropriate in light of the information known to the Corizon Defendants. Corizon Defendants also contend that their actions were not the cause of the perforated ulcer that affected Hector Garcia. Additionally, Corizon Defendants contend that the actions of the Corizon medical staff did not exhibit deliberate indifference for purposes of plaintiff's claim under 42 U.S.C. §1983.

## PROVISIONAL DISCOVERY PLAN

> List all witnesses who, at this time, you think will either testify or be deposed, given their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses:**

1. Hector Garcia, Jr.
   c/o Matthew Coyte
   Coyte Law, P.C.
   3800 Osuna Rd. NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Hector Garcia, Jr. was Hector Garcia's son. Mr. Garcia will testify as to Hector Garcia's life before the incident, the allegations in Plaintiff's Complaint, any supplemental or other amended complaints, the damages alleged in this case, as well as to any other matters within his personal knowledge.

2. LeAnn Garcia
   c/o Matthew Coyte

Coyte Law, P.C.
3800 Osuna Rd. NE, Suite 2
Albuquerque, NM 87109
(505) 244-3030

LeAnne Garcia was Hector Garcia's daughter. Ms. Garcia will testify as to Hector Garcia's life before the incident, the allegations in Plaintiff's Complaint, any supplemental or other amended complaints, the damages alleged in this case, as well as to any other matters within her personal knowledge.

3. Richard Garcia
   c/o Matthew Coyte
   Coyte Law, P.C.
   3800 Osuna Rd. NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Richard Garcia was Hector Garcia's son. Mr. Garcia will testify as to Hector Garcia's life before the incident, the allegations in Plaintiff's Complaint, any supplemental or other amended complaints, the damages alleged in this case, as well as to any other matters within his personal knowledge.

4. Belen Lowery
   c/o Matthew Coyte
   Coyte Law, P.C.
   3800 Osuna Rd. NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Belen Lowery was Hector Garcia's sister. Ms. Lowery will testify as to Hector Garcia's life before the incident, the allegations in Plaintiff's Complaint, any supplemental or other amended complaints, the damages alleged in this case, as well as to any other matters within her personal knowledge.

5. Linda Carmona
   c/o Matthew Coyte
   Coyte Law, P.C.
   3800 Osuna Rd. NE, Suite 2
   Albuquerque, NM 87109
   (505) 244-3030

   Linda Carmona was Hector Garcia's sister. Ms. Carmona will testify as to Hector Garcia's life before the incident, the allegations in Plaintiff's Complaint, any supplemental or other

amended complaints, the damages alleged in this case, as well as to any other matters within her personal knowledge.

6. Veronica Salazar
   c/o attorneys of record for Defendant Corizon Health, Inc.
   Henry J. Paoli
   Casey S. Stevenson
   SCOTT HULSE, P.C.
   201 North Church Street, Suite 201
   Las Cruces, NM 88001
   (575) 522-0765

   Veronica Salazar was a registered nurse at the Doña Ana County Detention Center at all material times. Ms. Salazar is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Hector Garcia, any medical records that she completed or authored relating to Hector Garcia, as well as to any other matters within her personal and professional knowledge.

7. Christi Bennett
   c/o attorneys of record for Defendant Corizon Health, Inc.
   Henry J. Paoli
   Casey S. Stevenson
   SCOTT HULSE, P.C.
   201 North Church Street, Suite 201
   Las Cruces, NM 88001
   (575) 522-0765

   Christi Bennett was a registered nurse at the Doña Ana County Detention Center at all material times. Ms. Bennett is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Hector Garcia, any medical records that she completed or authored relating to Hector Garcia, as well as to any other matters within her personal and professional knowledge.

8. Melissa Garcia
   c/o attorneys of record for Defendant Corizon Health, Inc.
   Henry J. Paoli
   Casey S. Stevenson
   SCOTT HULSE, P.C.
   201 North Church Street, Suite 201
   Las Cruces, NM 88001
   (575) 522-0765

Melissa Garcia was a nurse practitioner at the Doña Ana County Detention Center at all material times. Ms. Garcia is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Hector Garcia, any medical records that she completed or authored relating to Hector Garcia, as well as to any other matters within her personal and professional knowledge.

9. Gladys Hernandez
   c/o attorneys of record for Defendant Corizon Health, Inc.
   Henry J. Paoli
   Casey S. Stevenson
   SCOTT HULSE, P.C.
   201 North Church Street, Suite 201
   Las Cruces, NM 88001
   (575) 522-0765

   Gladys Hernandez was a registered nurse at the Doña Ana County Detention Center at all material times. Ms. Hernandez is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Hector Garcia, any medical records that she completed or authored relating to Hector Garcia, as well as to any other matters within her personal and professional knowledge.

10. Heather Barela
    c/o attorneys of record for Defendant Corizon Health, Inc.
    Henry J. Paoli
    Casey S. Stevenson
    SCOTT HULSE, P.C.
    201 North Church Street, Suite 201
    Las Cruces, NM 88001
    (575) 522-0765

    Heather Barela was a registered nurse at the Doña Ana County Detention Center at all material times. Ms. Barela is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Hector Garcia, any medical records that she completed or authored relating to Hector Garcia, as well as to any other matters within her personal and professional knowledge.

11. Eduardo Berumen
    c/o attorneys of record for Defendant Corizon Health, Inc.
    Henry J. Paoli
    Casey S. Stevenson
    SCOTT HULSE, P.C.

201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765

Eduardo Berumen was a nurse practitioner at the Doña Ana County Detention Center at all material times. Mr. Berumen is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any defenses relating to Defendant, the medical care and treatment that was provided to Hector Garcia, any medical records that he completed or authored relating to Hector Garcia, as well as to any other matters within his personal and professional knowledge.

12. Alfonso Avitia
    c/o attorneys of record for Defendant Corizon Health, Inc.
    Henry J. Paoli
    Casey S. Stevenson
    SCOTT HULSE, P.C.
    201 North Church Street, Suite 201
    Las Cruces, NM 88001
    (575) 522-0765

    Alfonso Avitia was a mental health registered nurse at the Doña Ana County Detention Center at all material times. Mr. Avitia is expected to testify concerning the facts alleged in Plaintiff's Complaint, any supplemental or other amended complaints, any medical records that he completed or authored relating to Hector Garcia, as well as to any other matters within his personal and professional knowledge.

13. Mario Macias
    Doña Ana County Detention Center
    1850 Copper Loop
    Las Cruces, NM 88005
    (575) 646-7600

    Mario Macias was a detention officer at Doña Ana County Detention Center at all material times. Mr. Macias is expected to testify concerning the facts alleged in Plaintiff's Complaint, as well as any supplemental or amended complaints, any records that he completed or authored relating to Hector Garcia, as well as any other matters within his personal and professional knowledge.

14. Dayman Ramirez
    Doña Ana County Detention Center
    1850 Copper Loop
    Las Cruces, NM 88005
    (575) 646-7600

Dayman Ramirez was a detention officer at the Doña Ana County Detention Center at all material times. Mr. Ramirez is expected to testify concerning the facts alleged in Plaintiff's Complaint, as well as any supplemental or amended complaints, any records that he completed or authored relating to Hector Garcia, as well as to any other matters within his personal and professional knowledge.

15. Brian Valle
    Doña Ana County Detention Center
    1850 Copper Loop
    Las Cruces, NM 88005
    (575) 646-7600

    Brian Valle was a detention officer at the Doña Ana County Detention Center at all material times. Mr. Valle is expected to testify concerning the facts alleged in Plaintiff's Complaint, as well as any supplemental or amended complaints, any records that he completed or authored relating to Hector Garcia, as well as to any other matters within his personal and professional knowledge.

16. Isaiah Montanez
    Doña Ana County Detention Center
    1850 Copper Loop
    Las Cruces, NM 88005
    (575) 646-7600

    Isaiah Montanez was a detention officer at the Doña Ana County Detention Center at all material times. Mr. Montanez is expected to testify concerning the facts alleged in Plaintiff's Complaint, as well as any supplemental or amended complaints, any records that he completed or authored relating to Hector Garcia, as well as to any other matters within his personal and professional knowledge.

17. Any witnesses or persons identified in any of Hector Garcia's medical records.

18. Any witnesses or persons identified in any of Hector Garcia's jail records.

19. Any witnesses or persons identified in any investigation of Hector Garcia's death.

20. Any witnesses identified in discovery, or in any discovery responses.

21. Any witnesses necessary for rebuttal whose testimony cannot be reasonably anticipated prior to trial.

22. Individuals identified in the Rule 26 disclosures and discovery responses of Defendants.

**Plaintiff's Exhibits:**

1. DACDC Hector Garcia Inmate File

2. DACDC Incident Reports

3. DACDC Videos

4. DACDC Hector Garcia Medical Records

5. Memorial Medical Center Records

6. Additional Medical Records (2016-2019)

**Plaintiff's Experts:** Plaintiff anticipates hiring experts in the fields of correctional healthcare.

Plaintiff will identify and disclose additional experts if they become necessary.

**Corizon Defendants' Witnesses:**

1. Melissa Garcia
   c/o attorney of record for Corizon Defendants
   Henry J. Paoli and Casey S. Stevenson
   Scott Hulse PC
   201 North Church Street, Suite 201
   Las Cruces, NM 88001
   (575) 522-0765
   or
   Scott Hulse, PC
   201 E. Main Drive, Ste. 1100
   El Paso, TX 79901
   (915) 533-2493

   Ms. Garcia is a nurse practitioner and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within her personal knowledge.

2. Christi Bennett
   c/o attorney of record for Corizon Defendants
   Henry J. Paoli and Casey S. Stevenson
   Scott Hulse PC
   201 North Church Street, Suite 201
   Las Cruces, NM 88001

(575) 522-0765
or
Scott Hulse, PC
201 E. Main Drive, Ste. 1100
El Paso, TX 79901
(915) 533-2493

Ms. Bennett is a nurse and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within her personal knowledge.

3. Veronica Salazar
c/o attorney of record for Corizon Defendants
Henry J. Paoli and Casey S. Stevenson
Scott Hulse PC
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
or
Scott Hulse, PC
201 E. Main Drive, Ste. 1100
El Paso, TX 79901
(915) 533-2493

Ms. Salazar is a nurse and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within her personal knowledge.

4. Gladys Hernandez
c/o attorney of record for Corizon Defendants
Henry J. Paoli and Casey S. Stevenson
Scott Hulse PC
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
or
Scott Hulse, PC
201 E. Main Drive, Ste. 1100
El Paso, TX 79901
(915) 533-2493

Ms. Hernandez is a nurse and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within her personal knowledge.

5. Heather Barela
c/o attorney of record for Corizon Defendants
Henry J. Paoli and Casey S. Stevenson
Scott Hulse PC
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
or
Scott Hulse, PC
201 E. Main Drive, Ste. 1100
El Paso, TX 79901
(915) 533-2493

Ms. Barela is a nurse and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within her personal knowledge.

6. Eduardo Berumen
c/o attorney of record for Corizon Defendants
Henry J. Paoli and Casey S. Stevenson
Scott Hulse PC
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
or
Scott Hulse, PC
201 E. Main Drive, Ste. 1100
El Paso, TX 79901
(915) 533-2493

Mr. Berumen is a nurse practitioner and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within his personal knowledge.

7. Alfonso Alvitia
c/o attorney of record for Corizon Defendants
Henry J. Paoli and Casey S. Stevenson

Scott Hulse PC
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
or
Scott Hulse, PC
201 E. Main Drive, Ste. 1100
El Paso, TX 79901
(915) 533-2493

Mr. Alvitia is a nurse and was involved in the medical care/treatment provided by Corizon Defendants to Hector Garcia during his incarceration. This witness may testify to facts relating to Plaintiff's complaint, Corizon Defendants' defenses, and other matters within his personal knowledge.

8. Catherine Nicka, MD
UNM School of Medicine Office of the Medical Investigator
1100 Camino de Salud
Albuquerque, NM 87102
(505) 272-3053

Dr. Nicka participated in or prepared the autopsy report relating to Hector Garcia.

9. Hannah Kastenbaum, MD
UNM School of Medicine Office of the Medical Investigator
1100 Camino de Salud
Albuquerque, NM 87102
(505) 272-3053

Dr. Kastenbaum participated in or prepared the autopsy report relating to Hector Garcia.

10. Any witnesses necessary to lay a foundation for the admission of any exhibit at trial, including the records custodian of the DACDC, as well as any and all medical providers of Hector Garcia.

11. Any witnesses identified in Hector Garcia's medical records from any medical providers.

12. Any witnesses identified in DACDC records relating to Hector Garcia's incarceration.

13. Any witnesses identified in discovery, or in discovery responses.

14. Any witnesses necessary for rebuttal whose testimony cannot be reasonably anticipated before trial.

**Corizon Defendants' Exhibits:**

1. Corizon medical records relating to Hector Garcia.

2. DACDC incarceration records relating to Hector Garcia.

3. Medical records of Hector Garcia from his medical providers, including Memorial Medical Center, relating to any treatment after and prior to the alleged incident that is the subject of this lawsuit.

**Corizon Defendants' Experts:** Corizon Defendants anticipate retaining experts in healthcare regarding the standard of care, correctional health care and causation. Corizon Defendants will identify and disclose their experts as ordered by the Court.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

Maximum of **25** total interrogatories by Plaintiff on each Defendant. Maximum of **30** total interrogatories by Corizon Defendants to Plaintiff. (Response due **30** days after service).

Maximum of **25** total requests for production by Plaintiff to each Defendant. Maximum of **30** total requests for production by Corizon Defendants to Plaintiff. (Response due **30** days after service).

Maximum of **10** total requests for admission by Plaintiff to each Defendant. Maximum of **10** total requests for admission by Corizon Defendants to Plaintiff. (Response due **30** days after service).

Maximum of **15** depositions by Plaintiff and **15** by Corizon Defendants.

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by **October 28, 2022**

from Defendant(s) by **November 28, 2022**

Supplementation under Rule 26(e) due **30 days from receipt.** *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by **December 28, 2022.** Discovery on *(issue for early discovery)* to be completed by **N/A.**

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Summary Judgment and Motions as necessary or appropriate.

Corizon Defendants intend to file: a potential Rule 12(c) motion for judgment on the pleadings, and a potential motion for summary judgment.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **10 days.**

\_\_\_\_ This is a non-jury case.

 **X**  This is a jury case.

The parties request a pretrial conference at the court's convenience.

## SETTLEMENT

The possibility of settlement in this case is **too early to tell**. The parties request a settlement conference **approximately 4 months into discovery**. In the event the parties desire an earlier settlement conference as litigation proceeds, they will so advise the Court.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)


/s/ Matthew E. Coyte
Matthew E. Coyte
*Attorney for Plaintiff*
Coyte Law, P.C.
3800 Osuna Road NE, Suite 2
Albuquerque, NM 87109
(505) 244-3030
mcoyte@me.com

and

Henry J. Paoli
Casey S. Stevenson
*Attorneys for Defendants*
Scott Hulse PC
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
hpao@scotthulse.com
cste@scotthulse.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30th day of June 2022, I filed the foregoing electronically through CM/ECF, which caused all Counsel of Record to be served by electronic means:

<u>/s/ Matthew E. Coyte</u>
Matthew E. Coyte