## PREPARATION FOR CIVIL TRIAL
## BEFORE THE HONORABLE DAVID H. URIAS

**A.**     **AUDIO-VISUAL EQUIPMENT**

Parties should notify the Court at least **two (2) weeks** before trial if they require audio-visual or other special equipment. Parties are responsible for operating any of this equipment.

**B.**     **EXHIBITS**

1.     **EXCHANGE AND FORMAT OF EXHIBIT LISTS:** Counsel shall file with the Court and provide to opposing counsel, a proposed exhibit list in accordance with the deadline established in the Trial Notice. When filing their final exhibit lists with the Court prior to trial, the parties shall use the format included at the end of this document.

2.     **REQUIRED FORMAT FOR EXHIBIT LISTS:** Exhibits shall be marked and identified clearly for each party. Use of exhibit notebooks (Plaintiff's and Defendant's) are encouraged for those exhibits to which neither party has objections. Exhibits shall be marked and identified (Plaintiff's by numbers and Defendant's by letters, e.g., A, B, C, . . . AA, AB, AC).

3.     **OBJECTIONS TO EXHIBITS:** Objections to exhibits must be filed **one (1) week** after the exhibit is filed. Counsel for each party shall file with the Court a complete list of all objections to the exhibits offered, specifying the Rule of Evidence or other legal authority upon which an objection is based.

4.     **REQUIRED FORMAT FOR SUBMISSION OF ELECTRONIC EXHIBITS**: In addition to the requirements set out in #1 pertaining to exhibits, exhibits also need to be submitted in **electronic format one (1) week** before trial. Refer to attached JERS Informational letter, along with Attorney Guide to JERS for instructions on how to submit electronically formatted trial exhibits to the Court.

5.     **EXHIBIT BINDERS DELIVERED TO COURT:** A binder containing a hard copy of all documentary or photographic trial exhibits that complies with the following requirements must be delivered to chambers **one (1) week** before trial. There must be a numbered index to each set of exhibits which lists and identifies each exhibit in the same manner as the exhibit list filed with the Court, and unless otherwise directed by specific order of the Court, physical evidence or original material requiring maintenance of a chain of custody shall not be submitted to the Court with the exhibit binders before trial.

## C. <u>WITNESSES, EXPERTS</u>:

1. **WITNESSES:** A complete list of witnesses in the order to be called must be filed with the Court in accordance with the Trial Notice. Counsel must also provide a list to opposing counsel.

2. **EXPERTS:** All expert reports must have been exchanged in advance in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. As in other areas, cumulative expert testimony will not be permitted.

3. *DAUBERT* **MOTIONS**: Challenges pursuant to *Daubert* shall be made prior to the dispositive motions deadline as set forth in the Scheduling Order; that is, ***Daubert* motions are to be fully briefed no later than the date designated as the dispositive motion deadline.**

4. **OBJECTIONS TO WITNESSES:** <u>**two (2) weeks**</u> before trial, counsel for each party shall file with the Court a complete list of all objections to the witnesses offered, specifying the Rule of Evidence or other legal authority upon which an objection is based.

## D. <u>DEPOSITIONS</u>:

1. Objections to use of deposition testimony are due within <u>**two (2) weeks**</u> of service of the witness list. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least <u>**one (1) week**</u> before trial.

2. If a deposition is used in part, counsel shall mark the parts to be used for opposing counsel. The court copy shall be marked. Plaintiff will use *yellow* marker and Defendant *blue* marker. This does not apply to cross-examination or rebuttal.

## E. <u>TRIAL BRIEF/MEMORANDA OF LAW</u>

Trial briefs outlining the basic legal theories, anticipated evidence in support of such theories, and the legal basis of any anticipated evidentiary disputes may be filed with the Court at least <u>**one (1) week**</u> before trial.

## F. <u>BENCH/NON-JURY TRIALS</u>

1. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be due <u>**ten (10) days**</u> after trial with references to exhibits and proposed testimony. Each party shall also email the proposed findings and conclusions of law in Word format to uriasproposedtext@nmd.uscourts.gov.

**G.**     **JURY TRIALS**

      1.     **JURY INSTRUCTIONS:**

         a.     Parties shall meet and confer in advance of the deadline to agree on as many instructions as possible.  The parties are expected to agree on stock instructions and should avoid submitting to the Court separate requests for the same stock instructions. Parties shall be prepared to submit a legal basis for their objections to each instruction on which they do not agree.

         b.     Proposed instructions shall be **numbered** and **annotated**. Submit no more than ONE INSTRUCTION PER PAGE.

         c.     Submission of proposed instructions to the Court is a **two-step process**:

         (1)     **E-File** the proposed jury instructions with citations with the Court electronically, in accordance with D.N.M. LR-Civ. 5.1 and in accordance with the the Trial Notice. Any objections to proposed jury instructions are due at the same time.

         (2)     **E-mail:** In addition to electronically filing their submissions regarding jury instructions, Plaintiff and Defendant shall submit to the Court through the email address (uriasproposedtext@nmd.uscourts.gov) on the chambers webpage for proposed orders, the following, in Word format:

         (A) the requested jury instructions;
         (B) proposed special verdict forms; and
         (C) the parties' Joint Statement of the Case.

      **NOTE:  JOINT STATEMENT OF THE CASE** shall be submitted at the same time the jury instructions are submitted but should be filed separately. If the parties cannot agree on a Joint Statement of the Case, the parties should submit separate proposed Statements.

         d.     Parties shall also file **written objections** to opposing parties' submitted instructions. These objections are due **three (3) working days** after jury instructions are filed.

      2.     **MOTIONS IN LIMINE** shall be filed in accordance with the deadline established on the accompanying Trial Notice. Each issue to be considered requires a separate pleading. No consolidated or omnibus motions will be considered. Responses are due in accordance with the Trial Notice.

3.     **VOIR DIRE:** Requested voir dire shall be exchanged between counsel and shall be filed with the Court in accordance with the Trial Notice prior to trial.  If counsel cannot agree on proposed voir dire, any objections must be brought to the Court's attention at least **<u>one (1) week</u>** prior to trial. Do not argue the case or cite legal principles in your voir dire.

# WITNESS/EXHIBIT LIST

| | CV- |
|---|---|
| Plaintiff's Attorney: | Defendant's Attorney: | United States District Court<br>District of New Mexico |
| | | Trial Date(s): |
| Presiding Judge: | Court Reporter: | Courtroom Deputy: |

| Pltf No. | Deft No. | Witness | Date Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## INFORMATIONAL LETTER

Dear Counsel:

The United States District Court for the District of New Mexico has installed new equipment into some courtrooms for use during trials in which jurors may view evidence electronically during deliberation. The newly installed equipment is known as JERS (Jury Evidence Recording System). The Western District of North Carolina created JERS for the purpose of electronically capturing evidence during a trial and then allowing a jury to view the evidence on a monitor in the Jury Deliberation Room. The District of New Mexico has been working to customize and test the equipment for the benefit of our court and our jurors. We would like to use JERS during the upcoming trial in your case.

The use of JERs will not affect how you present your case. You will proceed in normal course by presenting the exhibits/evidence either in paper form or from your laptop. All that the Court requires is the submission of the exhibits/evidence on an electronic storage device (CD, DVD or USB drive) TEN (10) calendar days before trial. The evidence is then imported into JERS and stored until the conclusion of the trial, when evidence is submitted to the jurors for deliberation.

It is important to note that, similar to non-electronic evidence, only electronic evidence that is admitted and allowed by the Court will be viewable by jurors during deliberation. Included with this letter is a copy of the Attorney Guide to JERS, where instructions are provided as to the formatting and naming of files. When creating the Indexed File Method, it is important that you follow the exact method as provided in the Attorney Guide – for instance, no spaces, and bars must be placed as shown.

It is the goal of the Court to provide attorneys with useful and effective equipment. It is the assistance from attorneys, such as you, that helps us achieve these goals.



# ATTORNEY GUIDE TO JERS

The U.S. District Court for the District of New Mexico uses the Jury Evidence Recording System (JERS) to capture evidence electronically during a hearing/trial. The evidence may then be electronically viewed by jurors in a jury deliberation room at a later time.

## How to Submit Electronic Exhibit Files

Electronic evidence files should be provided on any one of the following acceptable media storage devices:

- ◆ USB drive
- ◆ DVD
- ◆ CD

Media storage devices are to be placed in a sealed envelope with the name of the CRD or chambers' staff clearly written on the outside of the envelope, and hand delivered to the Clerk's Office or mailed to the Clerk's Office if counsel resides out of town.

## Requirements for Exhibit File Types

All electronic evidence will be provided using the following formats:

- ◆ Documents and Photographs: **.pdf** ; **.jpg** ; **.bmp** ; **.tif** ; **.gif**
- ◆ Video and Audio Recordings: **.avi** ; **.wmv** ; **.mpg** ; **.mp3** ; **.mp4 ; .wma ; .wav**

Regarding the file size of electronic evidence, individual files should not exceed **500MB**. Exhibits approaching or exceeding this size limit should be separated into multiple files.

> **NOTE:** A 'PDF' document can often be reduced significantly in size by using tools such as Adobe's "Reduce File Size" feature. Images can be significantly reduced in file size by lowering the resolution or dimensions, usually with minimal affect to viewing quality.

## Exhibit Formatting Instructions for Batch Importing

Exhibit files will be formatted in a manner that permits them to be batch imported into JERS. Use the following File Naming Method for your exhibits.

**FILE NAMING METHOD** *(See File Naming Method Examples on the last page)*

a) All files are provided on a single storage device such as a CD, DVD, or USB drive.

b) Using any software or method, exhibit files are named using a naming convention similar to:

(exhibit number)-(exhibit part)_(exhibit description).(file extension)

c) The use of the 'underscore' character is required before the description of the exhibit and cannot be used elsewhere in the exhibit name.

## Attorney Responsibilities

1. It is the responsibility of the attorney to ensure that exhibits are submitted to the Court in a prompt and timely manner, in true proper format, and in accordance with the court's trial preparation instructions or other direction from chambers.

2. The CRD or a member of chambers' staff will notify attorneys of any exhibit(s) that cannot be imported into JERS from the media storage device provided by the attorney. Attorneys will need to resubmit all problematic exhibits as directed by the CRD or a member of chambers' staff.

3. While evidence is provided to the court to import files in JERS in advance of a hearing/trial, attorneys will continue to remain responsible for maintaining and presenting all evidence during the hearing/trial.  As such, the Court will require attorneys to test their laptop and any other equipment attorneys may need, a few days prior to the beginning of a court hearing/trial.

   a) Attorneys may contact the CRD to schedule time to test equipment in the courtroom.

   b) Unfortunately, it may not be possible to test laptops or other necessary equipment the day a hearing/trial is scheduled to begin. Resolving technical issues beforehand will ensure a speedy and technically efficient hearing/trial for all parties.

## FILE NAMING METHOD EXAMPLES

1_Hotel Reciept.pdf

2_Photograph of Bank Interior.jpg

3_Video of Car Explosion.mpg

4_Police Radio.wav

5-a_Photograph of Exterior Burning House.jpg

5b_Police Car Chase Video.mpg

6(c)_Photograph of Cell Phone.jpg

6(d)_Photograph of Damaged Cell Phone.jpg