**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HECTOR GARCIA JR., as Personal Representative
To the Estate of HECTOR GARCIA,

      Plaintiff,

v.                                   No. 2:21-cv-00485-DHU-GJF

CORIZON HEALTH, INC.,
VERONICA SALAZAR, CHRISTI BENNETT,
MELISSA GARCIA, GLADYS HERNANDEZ,
HEATHER BARELA, and EDUARDO BERUMEN,

      Defendants.

## MOTION TO SUBSTITUTE CHS TX INC., AS A SUCCESSOR IN INTEREST

Comes now, Plaintiff Hector Garcia Jr., by and through counsel of record, Coyte Law P.C. (Matthew E. Coyte). Plaintiff, pursuant to Fed. R. Civ. P. 25(c) seeks an order substituting CHS TX Inc., as a corporate party defendant in this case. This Motion is opposed by CHS TX Inc.

### INTRODUCTION

The Corizon bankruptcy recently reached a settlement agreement that specifically allowed litigants such as Hector Garcia, to "opt out" and pursue their litigation against CHS TX Inc., YesCare Corp. and other potential successors in interest (Joint Mot. Lift Stay, ECF 114). The parties agreed that CHS TX Inc. was an appropriate successor in interest to Corizon. *Id.* ¶ 6. The Court relied on the Parties' joint assertions and granted the Motion to Lift Stay. (Order Lifting Bankruptcy Stay, ECF 115). The Plaintiff confirmed with opposing counsel that he represented CHS TX Inc., and that he would waive the need for a hearing and service of the motion to substitute CHS TX Inc. *See Emails with Craig Sargent,* attached hereto as Exhibit 1. On July 22, 2025, three

1

(3) days prior to the motion deadline outlined in the Court's Order, CHS TX Inc., without valid reason, withdrew its consent to be substituted.

In this Motion, Plaintiff will initially demonstrate how a voluntary stipulation cannot be withdrawn without a showing of manifest injustice, and as no such injustice exists, the stipulation between the Parties should be enforced. Plaintiff will also demonstrate how New Mexico law applies to the successor in interest analysis and that under the facts of this case New Mexico would recognize CHS TX Inc., as an appropriate substitute to the Corizon corporate defendant. Plaintiff will also demonstrate how this is likely also true of YesCare Corp., but will leave this issue for a later date when discovery can be conducted on whether CHS TX Inc., is a shell corporation with no appreciable assets or insurance.

## FACTUAL BACKGROUND

After Plaintiff initiated this suit, Defendant Corizon split into two corporations. The first corporation, CHS TX Inc., obtained all of Corizon's employees, facilities, equipment, secured creditors and active contracts. *Kelly v. Corizon Health Inc.,* No. 2:22-CV-10589, 2022 WL 16575763, at *1 (E.D. Mich. Nov. 1, 2022). The second corporation kept Corizon's name and inherited the liability for most of Corizon's pending prisoner lawsuits.[1] *Id.* Corizon then changed its name to Tehum and declared bankruptcy. This strange corporate process, known as a "divisional merger" followed by a bankruptcy, is colloquially termed a "Texas Two Step". *Id.; see also* Motion to Substitute and/or add CHS TX, Inc., YesCare Corp., & Geneva Consulting LLC as Defendants in Place of Corizon Health, Inc. at 2, *Windhurst v. Arizona Dep't of Corr.*, No. C20175978 (Ariz.

---

[1] Plaintiff only recently became aware the liability associated with this case was transferred to CHS TX, Inc. before Corizon declared bankruptcy.

2

Super. Ct., Pima Cty. May 16, 2025) (in which a Plaintiff has opted out of the bankruptcy and is attempting to add additional corporations and pierce the corporate veil to reach an individual shareholder).[2]

Buried deep within the schedules of the divisional merger documentation, CHS TX, Inc. was given the Doña Ana County contract (the contract under which Corizon provided medical services to the Doña Ana County Detention Center during the time Hector Garcia died) along with its potential liabilities. This documentation specifically listed the Hector Garcia lawsuit as a liability transferred to the CHS TX Inc. corporation. *See Excerpts from Second Amended and Restated Statement of Financial Affairs for Tehum Care Services, Inc.*, attached hereto as Exhibit 2; *see also In re Tehum Care Services Inc.*, No. 23-90086, (Bank. S.D. Tex, July 9, 2023) ECF 811 at 16, 139-141.

After the divisional merger (step one in the Texas Two Step) YesCare Corp, a corporation owned by the CEO of CHS TX, Inc. acquired CHS TX, Inc. for $100 and CHS TX, Inc. began doing business under its parent company's name YesCare Corp. *See Equity Purchase Agreement*, attached hereto as Exhibit 3; *see also Doña Ana County Contract for Professional Services with CHS TX dba YesCare*, attached hereto as Exhibit 4. Corizon then changed its name to Tehum Care Services, Inc., and declared bankruptcy (the second step of the "Texas Two Step.")

Corizon then sought and obtained bankruptcy stays in prisoner cases throughout the country, including the instant case (Suggestion Bankruptcy Notice Automatic Stay, ECF 99). After some considerable time and much litigation in the bankruptcy court, a settlement agreement was

---

[2] The Arizona Motion attempts to unravel the complicated relationships between the various corporate entities. It therefore has over one thousand (1,000) pages of exhibits. At this time, Plaintiff wishes to avoid this complicated briefing.

reached which specifically allowed for litigants such as Plaintiff, to opt out of the bankruptcy proceeding and to pursue their cases against CHS TX Inc., YesCare Corp., or other alleged successor entities based on the doctrine of successor liability *See Excerpt from Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor*, attached hereto as Exhibit 5; *see also In re Tehum Care Services Inc.*, No. 23-90086, (Bank. S.D. Tex, Mar. 3, 2025) ECF 2014 at 43-44.[3]

The effective date of this settlement agreement occurred on March 31, 2025, allowing the stay to be lifted in cases where the Plaintiff opted out of the bankruptcy settlement. (Order Show Cause, ECF 112). Recently, Plaintiff and counsel for the Defendants agreed that CHS TX, Inc. should be substituted as a successor entity to Corizon. (ECF 114, ¶ 6).

Although the parties agreed that CHS TX, Inc. is an appropriate successor in interest to Corizon, CHS TX Inc. withdrew this agreement causing Plaintiff to rewrite the instant motion with this new opposition in mind.

**ARGUMENT**

**A.  <u>Defendants Should not be Allowed to Withdraw their Stipulation</u>**

The Tenth Circuit has held stipulations to be an admission which "cannot be disregarded or set aside at will" *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991), quoting *Lyles v. American Hoist & Derrick Co.*, 614 F.2d 691, 694 (10th Cir. 1980). As a general rule, courts enforce stipulations unless there are circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement. *U.S. v. Montgomery*, 620 F.2d 753, 757 (10th Cir.

---

[3] For ease of access, the bankruptcy filings can be found at <u>veritaglobal.net/tehum</u>

1980).  Once a party has agreed to a stipulation it cannot be withdrawn without a showing of manifest injustice. *Id.*

In this case CHS TX Inc., agreed to be substituted as a successor in interest to Corizon. Proof of this stipulation can be found in paragraph six (6) of the Joint Motion to Lift Stay which reads: "*The parties agree that CHS TX Inc., is an appropriate corporate defendant to Corizon and can be substituted under Fed. R. Civ. P. 25.*"  (ECF 114). The Court relied on this agreement when it ordered the lifting of the bankruptcy stay. (ECF 115). Plaintiff relied on this agreement in making tactical decisions related to the case and spent unnecessary time drafting the initially unopposed motion.

The Tenth Circuit has an understandable interest in enforcing stipulations made by the parties. If such agreements can be set aside at will, the courts and litigants will be faced with an ever changing playing field where the rules of play are never certain. It would also disincentivize the litigants to make time saving stipulations and force every issue to the maximum burden of proof. Therefore, some sizable reason must be advanced to justify CHS TX Inc.'s recent decision to oppose substitution. The Tenth Circuit requires a showing of "manifest injustice," a standard that cannot be met under these circumstances. *See U.S. v. Montgomery.* Without such a showing, the Court should overrule CHS TX Inc.'s newly found objection and enforce its prior stipulation.

**B.  <u>New Mexico Law Governs the Issue of Successor in Interest Liability.</u>**

Before it can be understood why CHS TX Inc. is an appropriate corporate defendant, it is necessary to examine the appropriate law to apply to the question.  A federal court siting in

diversity must apply the substantive law of the state in which it sits, including the forum state's choice of law rules. *In Re. Zagg Inc. Shareholders Derivative Action*, 826 F.3d 1222 (10th Cir. 2016*); Barrett v. Tallon,* 30 F.3d 1296, 1300 (10th Cir. 1994). This rule also applies when a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit. *BancOklahoma Mortg. Corp. v. Capital Title Co*., 194 F.3d 1089, 1103 (10th Cir. 1999).  In cases involving federal questions, federal common law would apply. *Medical Mut. Of Ohio v. deSoto,* 245 F.3d 561 (6th Cir. 2001). Federal common law adheres to the Restatement (Second) of Conflict of Laws, and sections 301 and 302 govern choice of law issues involving the rights and liabilities of business corporations.  *See Jackson v. Corizon Health*., No. 19-13382, 2025 WL 546365, at *3 (E.D. Mich. Feb. 19, 2025) (in which this precise issue of choice of law in a civil rights case involving the same defendant was litigated). When applying these sections of the Restatement, it becomes clear that when the issue is not one of "internal corporate governance" but instead involves "external liability" the federal court will apply the law of the state which had the most significant relationship to the occurrence at issue. *Id*. If the corporation "does an act that can be committed by a non-corporate entity" then § 301 would apply the law of the state the events took place in rather than the law of the state of incorporation. *Id*. In the alternative, should the forum state's choice of law rules apply instead of federal common law, New Mexico courts follow the doctrine of Lex Loci Delicti which simply looks to the place where the wrong occurred. (*Terrazas v. Garland & Loman, Inc.,* 142 P.3d 374, 378 (N.M. Ct. App. 2006)

In the instant case this Court has federal jurisdiction to decide civil rights claims and supplemental jurisdiction to decide New Mexico medical malpractice allegations. In addition, Plaintiff's claim (ultimately a wrongful death case) is alleged to have been caused by the deliberate

indifference and medical neglect of individual employees rather than from some form of "internal corporate governance". Clearly, the state with the most significant relationship to this case is New Mexico, as the jail, the staff, the contract and Hector Garcia's death, all took place within New Mexico. In other words, all of the logical paths described in the choice of law analysis above, lead to the conclusion that New Mexico law applies.

### C. New Mexico Successor in Interest Law

Looking at New Mexico successor in interest law, it becomes clear that at least four (4) exceptions exist to the general principle that a successor corporation does not inherit its predecessor's debts and liabilities. *Garcia v. Coe Mfg. Co.,* 933 P.2d 243, 247 (N.M. 1997). The New Mexico Supreme Court listed the following circumstances where a successor corporation takes on the liabilities of its predecessor: "(1) where there is an agreement to assume those obligations; (2) where the transfer results in a consolidation or merger; (3) where there is a continuation of the transferor corporation; or (4) where the transfer is for the purpose of fraudulently avoiding liability." *Id.*; s*ee also, Lopez v. Stanley Black & Decker, Inc.*, 764 F. App'x 703, 709–10 (10th Cir. 2019) (where the federal court applied New Mexico law while also finding a fifth exception in the context of product liability cases).

### 1. CHS TX Agreed to Assume the Liability of the Hector Garcia Case

Exception number one clearly applies to the instant case. This is because during the "divisional merger" the liability described as "2019PL11136 Garcia Hector" was specifically allocated to CHS TX, Inc. (described as "NewCo" in the divisional merger documents) in its "Second Amended and Restated Statement of Financial Affairs for Tehum Care Services, Inc." *See Exhibit 2*. The divisional merger allowed Corizon to declare bankruptcy *after* it had transferred its

profitable Doña Ana County contract, along with its corresponding liabilities (one of which is the instant case) to CHS TX, Inc. This documentation proves the potential liability of this lawsuit was passed via agreement to CHS TX, Inc. and therefore fits neatly into exception 1 of *Garcia*, 933 P.2d at 247.

2.    The Transfer of Assets and Liabilities Resulted in a Consolidation or Merger.

Exception number two of the *Garcia* case also applies. As described above, the whole Texas Two Step was predicated on what was called a "divisional merger" where assets were consolidated in CHS TX Inc. prior to Corizon declaring bankruptcy.

3.    CHS TX Inc. is a Continuation of Corizon

Although a far more complicated analysis is required, the third *Garcia* factor also applies to the facts of this case. A continuation of a transferor corporation occurs where there is (1) a continuity of directors, officers and shareholders; (2) continued existence of only one corporation after the sale of assets; and (3) inadequate consideration for the sale of the assets. *Id.* at 247. During the Texas Two Step, two of Corizon's former board members (Jeffrey Sholey, finance and treasury officer, and Scott King, chief legal officer), in combination with former Corizon CEO Sara Tirschwell, formed CHS TX Inc. *See CHS TX and YesCare's Certificates of Formation* attached hereto as Exhibit 6; *see also Screenshots from Corizon Health's Website's "About" Page* attached hereto as Exhibit 7.[4] As discussed above, the divisional merger then gave CHS TX Inc. the contract to do business in the Doña Ana County jail along with a host of other assets. Interestingly, rather than CHS TX Inc. paying Corizon adequate consideration for these assets, Corizon actually paid

---

[4] Corizon Health's website no longer exists. Counsel used the Internet Archive Wayback Machine at web.archive.org/web/20200712004403/http://www.corizonhealth.com/About-Corizon/Executive-Team/Scott-King to access the website as it looked on July 12, 2020.

CHS TX Inc. around one million dollars. *See YesCare's Letter to Senator Warren,* attached hereto as Exhibit 8. This certainly meets the definition of "inadequate consideration" described in *Garcia*. In other words, all three factors favor the conclusion that CS TX Inc. is a continuation of Corizon under the third exception described by *Garcia*.

However, one further complication exists. CHS TX Inc. took over the business operations of its predecessor Corizon and then held itself out as doing business as YesCare Corp. This can be seen in its contract to provide medical care to the Doña Ana County jail, and in various emails it sent to jails around the country. *See Exhibit 4*; *see also Emails with Sheriff Dep'ts*, attached hereto as Exhibit 9. (In which the contract specifically says CHS TX Inc. d.b.a YesCare, and the emails states "YesCare acquired all the active business of Corizon. As part of this acquisition, your contract with Corizon is now vested with CHS TX, LLC ("CHS"), and a wholly owned subsidiary of YesCare"[5]). Additionally, in the most recent filings in the Bankruptcy Court, CHS TX Inc. described itself as "CHS TX d.b.a. YesCare". *See Excerpt from YesCare's Notice of Limited Withdraw of Motion to Enjoin as to Certain Parties* attached hereto as Exhibit 10; *see also In re Tehum Care Services Inc.,* 23-90086, (Bank. S.D. Tex, July 16, 2025) ECF 2360 at 1. Importantly, the business of providing medical care to inmates in the Doña Ana County jail remained the same, utilizing the same staff, working under the same contractual obligations, however the business is run under the name YesCare. *See Exhibits 4, 9*. The board of directors and address of both CHS TX, Inc. and YesCare Corp. are identical. *See CHS TX and YesCare Tax Public Information Reports*, attached hereto as Exhibit 11. [6] The CEO, CFO, and the Chief Legal Officer of each

---

[5]These emails are addressed to Florida and Michigan sheriff's departments.
[6] CHS TX, Inc. has four (4) board members, while YesCare Corp. has three (3). All three (3) of YesCare Corp.'s members are present on CHS TX Inc.'s four (4) person board.

corporation are the same people and Sara Tirschwell (Corizon's CEO at the time of the "Texas Two Step") is described as the "organizer" for both corporations. *Id.; see also Exhibit 6*. These facts all point to the conclusion that CHS TX Inc. and YesCare Corp are both successors in interest to Corizon.

As stated above, Plaintiff originally had a stipulation that CHS TX Inc., was a legitimate successor in interest to Corizon and the only dispute between the parties involved whether CHS TX Inc. d.b.a. YesCare and/or YesCare Corp. were additional legitimate successors in interest (ECF 114). This case has now been pending for four (4) years, and Plaintiff is anxious to avoid any further delays and unnecessary litigation. As such, Plaintiff files this Motion to Substitute CHS TX Inc. and leaves the issue of YesCare Corp. for another day. If the insurance policies provided by Corizon in its initial disclosures are valid, and if CHS TX Inc. remains solvent and does not declare bankruptcy, then the issue of YesCare Corp. as a successor in interest is irrelevant. On the other hand, if discovery reveals the insurance policy has been drained, and CHS TX Inc. is a hollow shell of a corporation with minimal assets, then Plaintiff reserves the right to pursue YesCare Corp. or its shareholders as the true successors in interest.

In summary, before Corizon declared bankruptcy it transferred the Hector Garcia case and its potential liability to CHS TX, Inc. in a divisional merger. This perfectly matches exception one, an agreement to assume obligations, from *Garcia,* 933 P.2d at 247, and therefore allows this Court to substitute CHS TX, Inc. for Corizon as the appropriate corporate defendant.

**CONCLUSION**

Although several different complicated pathways exist for the Court to conclude CHS TX Inc. is an appropriate successor in interest to Corizon, the simplest and most obvious route is the

fact that Corizon overtly gave CHS TX Inc. the liability associated with the Hector Garcia case.

This is likely why CHS TX Inc. initially stipulated to this Motion to Substitute.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order substituting CHS TX Inc. for Defendant Corizon Health Inc.

Respectfully Submitted,

COYTE LAW, P.C.

*/s/ Matthew E. Coyte*
Matthew E. Coyte
3800 Osuna Road NE, Suite 2
Albuquerque, NM 87109
(505) 244-3030
mcoyte@me.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July 2025, I filed the foregoing electronically through the CM/ECF system, which caused counsel of record to be served by electronic means.

*/s/ Matthew E. Coyte*
Matthew E. Coyte

11