UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**HECTOR GARCIA, JR., as Personal**
**Representative of the ESTATE OF**
**HECTOR GARCIA,**

      **Plaintiff,**

      v.                                                             Civ. No. 21-485 DHU/GJF

**CHS TX, Inc., et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Defendants' Motion to Extend Discovery Deadlines and Reset Trial Date* [Dkt. No. 149], filed November 19, 2025. The motion is fully briefed. *See* Dkt. Nos. 156 (response), 160 (reply). Being fully advised, and having consulted with the presiding judge, this Court concludes that the motion should be denied.

## BACKGROUND

In May 2021, Plaintiff filed his Complaint [Dkt. No. 1] asserting claims for wrongful death and violation of civil rights as a result of Defendants' alleged failure to provide Hector Garcia with adequate medical care while he was in their custody. The Court initially placed the case on a six-month discovery track. Dkt. No. 49. The parties twice stipulated to the extension of pretrial deadlines to allow more time for discovery [Dkt. Nos. 70, 82], but in February 2023 the case was stayed due to Defendant Corizon Health's impending bankruptcy. Dkt. No. 99. In May 2025, the bankruptcy stay was lifted [Dkt. No. 115], and on August 6, 2025, the Court reopened discovery.

Dkt. No. 120. In its Order Reopening Discovery, the Court authorized an additional four-month discovery period to conclude on December 5, 2025.[1]

On November 19, 2025, Defendants filed the motion [Dkt. No. 149] currently before the Court. Defendants ask to extend all remaining discovery deadlines and the trial date for at least 90 days. As grounds for the motion, Defendants contend that the October 30, 2025, deposition of Defendant Melissa Garcia, a nurse practitioner who was employed by former Defendant Corizon Health during the relevant time period, led to the discovery of new evidence "which materially changes the factual record relating to the care of Hector Garcia and creates a need for additional discovery that could not have reasonably been anticipated or completed within existing deadlines." Dkt. No. 149 at 1. Specifically, Defendants contend that at the deposition "for the first time it became evident that a critical nursing note—a late entry attributed to an unnamed nurse—may not have been created contemporaneously on August 5, 2019, as its internal narrative suggested," but rather three days later. *Id*. at 2. Defendants assert that this information raises questions concerning the authenticity and reliability of the entry, including whether the late entry reflects an attempt to retroactively modify or justify nursing care after Hector Garcia's death. *Id*. Finally, Defendants argue that unexpected information obtained during discovery constitutes good cause to modify the scheduling order.

---

[1] In July 2025, Plaintiff filed his motion to substitute CHS TX Inc. for the bankrupt defendant Corizon Health, Inc. Dkt. No. 118. On October 23, 2025, the presiding judge granted that motion and terminated Corizon as a party to the case. Dkt. No. 137. However, as of the date of the filing of this Memorandum Opinion and Order, Defendants' counsel have not formally entered an appearance on behalf of CHS TX Inc., although they have acted as counsel for that Defendant for months now. Accordingly, the Court orders defense counsel to enter their appearance on behalf of CHS TX Inc. no later than **January 12, 2026**.

## **LEGAL STANDARD**

Under Rule 16 of the Federal Rules of Civil Procedure, scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, rigid adherence to a pretrial schedule "should not be exacted, especially where to do so will result in injustice to one party and relaxing of such agreement will not cause prejudice to the other party." *Walker v. THI of New Mexico at Hobbs Ctr.*, 262 F.R.D. 599, 602 (D.N.M. 2009) (citations omitted). Additionally, Courts are afforded wide discretion in supervising the pretrial phase of litigation. *Id*. at 604.

The Tenth Circuit has set out six specific factors that a court may consider when determining whether an amendment to the scheduling order to extend discovery is appropriate. Those six factors are "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

## **DISCUSSION**

Taking the *Smith* factors in turn, the Court considers first whether trial is imminent. In fact, the presiding judge has set this case for a jury trial to begin on May 4, 2026, just slightly over four months from now. That leaves barely enough time for the parties to prepare pretrial motions and for the Court to rule on them. Therefore, trial is imminent, and this factor weighs against amending the scheduling order. Second, Plaintiff opposes the request and does not wish to further delay this

case, which through no fault of Plaintiff has been pending for more than four and a half years. This factor also weighs against granting the motion.

Next, the Court must consider whether Plaintiff would be prejudiced by amending the scheduling order and postponing the trial. Plaintiff argues that he will be prejudiced because the case is already old, so any additional delays will compound the problems of the fading memories of witnesses, some of whom have moved. In addition, Plaintiff asserts that revision of the scheduling order will oblige him to spend time and money revising his expert's reports, while at the same time affording Defendants additional time to file an expert report to rebut Plaintiff's experts. Defendants do not respond to these arguments. Accordingly, this factor weighs against extending pretrial deadlines.

The fourth factor to consider is whether Defendants were diligent in obtaining discovery within the guidelines established by the court. This factor also weighs against granting the motion. Plaintiff asserts that Defendants have conducted no depositions in this case, which Defendants do not dispute. Defendants also do not dispute that to date they have failed to obtain and produce an expert report. This can hardly be described as satisfactory diligence. Furthermore, Defendants argue for the first time in their motion that the current limitations on number of interrogatories and requests for production should be expanded because those limits unfairly treat all Defendants as one collective group instead of individuals and entities with "distinct medical roles, responsibilities, licensure levels, and scopes of practice." Dkt. No. 149 at 4. However, Defendants' counsel failed to mention any need for additional interrogatories and requests for production at the August 5, 2025, telephonic status conference. Dkt. No. 121. In fact, at that status conference defense counsel went so far as to say that the parties did not need the additional four months of discovery that the Court was offering. *Id*. In short, Defendants have only now, after four and a half

4

years, exhibited an interest in conducting additional discovery. Therefore, this factor weighs against modifying the scheduling order.

With regard to the fifth factor, the foreseeability of the need to conduct additional discovery, the Court is not persuaded by Defendants' argument that it could not have known the author of the nurse's medical record entry that is at the heart of their motion, or the fact that the entry was written three days after Hector Garcia's death. The Court agrees with Plaintiff that the written document at issue [Dkt. No. 149-1] shows on its face the author (Alfonso Avitia), the date the entry began (August 5, 2019), and the date the record was closed (August 8, 2019), which is one day after Hector Garcia died. The narrative note also begins with the words, "Late entry." But more importantly, another witness had pointed out this discrepancy in her deposition testimony long before Melissa Garcia did so on October 30, 2025. For example, Heather Barela noted it at her October 20, 2022, deposition. *See* Dkt. No. 156-1 at 2-3 (deposition pages 86, 105-106). In light of the foregoing, this factor also weighs against granting the motion.

The final factor to consider is the likelihood that further discovery will lead to relevant evidence. Further discovery could lead to the deposition of Alfonso Avitia in order to further understand why he made a late entry into the treatment record. According to their motion, Defendants wish to probe "the authenticity and reliability of the late entry," who else knew about the information in the late entry and when they knew it, and whether the entry contains accurate information. Again, the Court agrees with Plaintiff that this information, which is held by Defendants' employees or former employees and is written in the medical records controlled by Defendants, is available to Defendants without extending the discovery period and postponing the upcoming trial date. This factor also weighs against setting new pretrial deadlines and discovery limits.

For all the foregoing reasons, the Defendants have failed to show good cause to support their motion.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Extend Discovery Deadlines and Reset Trial Date* [Dkt. No. 149] is **DENIED**.

**SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE