**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HECTOR GARCIA JR., as Personal Representative
To the Estate of Hector Garcia,

      Plaintiff,

v.                                                                      No. 2:21-cv-00485-DHU-GJF

CHS TX, INC., as Successor in Interest to CORIZON HEALTH, INC.,
VERONICA SALAZAR, CHRISTI BENNETT,
MELISSA GARCIA, GLADYS HERNANDEZ,
HEATHER BARELA, and EDUARDO BERUMEN,

      Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR WITHDRAWAL OF
COUNSEL FOR CHS TX, INC., VERONICA SALAZAR, CHRISTI BENNETT,
MELLISSA GARCIA, GLADYS HERNANDEZ AND EDUARDO BERUMEN**

      COMES NOW Plaintiff, Hector Garcia, by and through his attorney of record, Matthew

Coyte and responds as follows to defense counsel's Motion for Withdraw as Counsel (ECF 206),

filed on April 8, 2026.

**INTRODUCTION**

      Defense counsel sought to withdraw from representation of Defendants—including a

corporate defendant—while representing to the Court that the motion was unopposed. That

representation was incorrect. Plaintiff opposes the motion. Subsequently, Defense counsel

renewed the motion to withdraw but this time added the fact that Plaintiff opposes the relief sought

(ECF 208).

1

The motion should be denied because: (1) it fails to demonstrate compliance with applicable local rules governing withdrawal of counsel; (2) it would leave a corporate defendant unrepresented; and (3) it would significantly prejudice Plaintiff given the impending trial setting. Plaintiff is also concerned the individual defendants have not knowingly agreed to the relief sought by their own counsel.

**FAILURE TO DEMONSTRATE COMPLIANCE OF LOCAL RULES**

Withdrawal of counsel in this District is governed by local rule, D.N.M.LR-Civ. 83.8, which requires the motion be served on all parties including the individual defendants. The motion must allow fourteen days for any party to object. *Id*. The motion must also account for the fact that corporate entities cannot appear without an attorney. *Id*. The motion must warn the corporate entity that without a substitution of counsel, any filings may be stricken and default judgment may be imposed. *Id*.

Defendants motion to withdraw ignored this federal rule and instead referred to a New Mexico state court local rule.[1] However, even if the Defendants thought they were in state court, the local New Mexico rule, LR2-114 NMRA, requires the motion to be accompanied by an entry of appearance of substitute counsel, or the client if appearing pro se, a certification that they are ready to proceed without delay with existing deadlines. The state rule also requires the motion list the clients' last known addresses and telephone numbers along with an acknowledgment that the clients have 20 days in which to obtain new counsel or be deemed appearing pro se. *Id*.

---

[1] The Defendants continue to cite state court rules in this federal case despite Plaintiff's best efforts to point out the errors.

The Defendants' motion clearly does not comply with either local rule. This is concerning as Plaintiff has no idea if the individual defendants have been informed of their right to object to the withdrawal and Plaintiff will have no ability to serve pleadings on individuals whose contact information is unknown. It also strikes Plaintiff as an unlikely scenario, where all of the individual defendants would agree to proceed without a lawyer in a case such as this.

## IMPROPER WITHDRAWAL FROM REPRESENTATION OF A CORPORATE DEFENDANT

Defense counsel seeks to withdraw from representing a corporate defendant without identifying replacement counsel. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel" *(Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993)). This case is no different. To permit CHS TX to represent itself, as defense counsel suggests is could, would not only immediately create major procedural complications, but also go against years of established law.

## PREJUDICE TO PLAINTIFF AND DISRUPTION OF TRIAL SCHEDULE

Trial in this matter is currently set to begin in a few weeks. Allowing defense counsel to withdraw at this late stage would inevitably disrupt trial preparation. There are many motions pending, and limine motions have just been filed. The trial itself is likely to be delayed, as any competent substitute counsel would immediately request time to familiarize themselves with the case. Naturally this would substantially prejudice Plaintiff who has been waiting for years for his day in court.

3

In addition, this is not the first time this issue has arisen in this case. Prior counsel for the Defendants withdrew after the corporation failed to pay its legal bills. Prior counsel's motion to withdraw (ECF 98) was quickly followed by a notice of bankruptcy (ECF 99). The corporate defendants in that bankruptcy also failed to pay its bankruptcy attorneys forcing them to file an emergency motion to enforce the portions of the Bankruptcy Plan that would lead to their payment. In that motion, the Debtor's own bankruptcy attorneys make reference to their belief another bankruptcy may be imminent (*see* Pl.'s Resp. to Def's Mot. for Extension of Time, Exhibit 1, ECF 180-1). Based on the history of the bankruptcy proceedings associated with the Corizon defendants, Plaintiff suspects the reason behind the request to withdraw is a financial one.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny defense counsel's Motion to Withdraw. Alternatively, if the Court is inclined to permit withdrawal, Plaintiff requests that such withdrawal be conditioned on substitute counsel agreeing not to delay the current trial schedule.

WHEREFORE, Plaintiff Requests the Court deny defense counsel's motion to withdraw.

Respectfully Submitted,

COYTE LAW P.C.
*/s/ Matthew E. Coyte*
Matthew E. Coyte
3800 Osuna Rd, NE 87109
(505) 244-3030
mcoyte@me.com
*Attorney for Plaintiff*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April 2026, I filed the foregoing electronically

through the CM/ECF system, which caused the counsel of record to be served by electronic means.


*/s/ Matthew E. Coyte*
Matthew E. Coyte

5