**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

HECTOR GARCIA JR., as Personal Representative to the Estate of HECTOR GARCIA,

Plaintiff,

v.

CHS TX INC., as Successor in interest to CORIZON HEALTH, INC., VERONICA SALAZAR, CHRISTI BENNETT, MELISSA GARCIA, GLADYS HERNANDEZ, HEATHER BARELA, EDUARDO BERUMEN, YITZCHAK LEFKOWITZ, and PERIGROVE 1018 LLC,

Defendants.

Case No. 2:21-cv-00485-DHU-GJF
Hon. David Herrera Urias
Mag. Gregory J. Fouratt

**DEFENDANTS YITZCHAK LEFKOWITZ AND PERIGROVE 1018, LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (2) AND (6)**

Defendants Yitzchak Lefkowitz ("Lefkowitz") and Perigrove 1018, LLC ("Perigrove") (collectively, the "Moving Defendants"), through undersigned counsel, submit this Reply in further support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) (ECF No. 268) (the "Motion").

## INTRODUCTION

## I. PLAINTIFF LACKS STANDING TO PURSUE THE VEIL PIERCING AND ALTER EGO CLAIMS HE ASSERTS HERE, WHICH ARE OWNED EXCLUSIVELY BY THE BANKRUPTCY TRUSTEES

Plaintiff's Response (ECF No. 268, pp. 20-22) does not dispute that a debtor's cause of action becomes property of the bankruptcy estate when the alleged injury to a creditor is derivative of the alleged injury to the debtor. *In re Herrera*, 472 B.R. 839, 844 (Bankr. D.N.M. 2012); *In re*

*Elrod Holdings Corp.*, 392 B.R. 110, 114 (Bankr. D. Del. 2008). Nor does Plaintiff's Response dispute that a creditor lacks standing to assert a claim based on an injury to the debtor that is shared generally by creditors.

What Plaintiff's Response does do, on the other hand, is confirm that the veil piercing and alter ego claims he raises arise from an alleged injury to Corizon itself. (ECF No. 272, pp. 1–2, 9–13.) Plaintiff admits that the Bankruptcy Trustees "stand[] in the shoes of Corizon" and that they have brought these exact claims in an adversary proceeding in the Bankruptcy Court in the Southern District of Texas. (*Id.* at p. 2.) For the reasons discussed on pages 7 through 8 and 20 through 22 of Moving Defendants' Opening Brief, those claims are expressly the property of Corizon's Bankruptcy Estate and the Bankruptcy Trustees as "Retained Causes of Action." (ECF No. 268.)

Plaintiff's Brief does not cite any law or any provisions of the Plan that would lead to a different result. The Trusts similarly have the exclusive authority and power to litigate all Retained Causes of Action. The Trusts alone may prosecute them, and therefore Plaintiff lacks standing to assert the claims he does through the Third Amended Complaint.

The only argument that Plaintiff does make is that he does have standing because he "opted out" of the Bankruptcy settlement. (ECF No. 272, p. 13.) But this misunderstands the effect of Plaintiff having "opted out." Plaintiff is conflating two different concepts.

Plaintiff "opted out" of the Consensual Claimant Release. (ECF No. 268, p. 8; *see also In re Tehum Care Services, Inc.*, Case No. 23-90086 (Bankr. S.D. Tex. Mar. 3, 2025), ECF No. 2014, at p. 21, ¶ 48 (parties who opted out of the Consensual Claimant Release were identified on Exhibit A to the Confirmation Order) and Ex. A (identifying Hector Garcia as an individual who opted out

of the Consensual Claimant Release).) The Consensual Claimant Release operated to release the Released Parties from any claims as set forth in Article IV.B.7 and Article IX.D. *In re Tehum Care Services, Inc.*, ECF No. 2014, at pp. 37-38, ¶ 91 (scope of Consensual Claimant Release).) Stated differently, Plaintiff's "opt out" applies to his rights to pursue his own personal injury claims against the debtor outside of the Bankruptcy process. *See, e.g.*, *Mercy Health Network, Inc. v. Mercy Hosp.*, 671 B.R. 499, 507 (N.D. Iowa 2025) ("MercyOne successfully opted out of the Third-Party Releases. Because it did so, MercyOne never gave up its claims against the Released Parties.").

That does not provide Plaintiff that right to pursue claims that belong to the Bankruptcy Estate and Trustee. Those claims remain the exclusive property of the Estate and Trustees. *In re Herrera*, 472 B.R. 839, 844 (Bankr. D.N.M. 2012). Accordingly, Plaintiff's "opt out" is irrelevant and Plaintiff lacks standing to assert these new purported claims.

## II. PLAINTIFF FAILS TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER LEFKOWITZ AND PERIGROVE

### A. Lefkowitz Appearing Via Zoom at a Settlement Conference Does Not Subject Him to General or Specific Jurisdiction.

The only support Plaintiff provides for his argument that Lefkowitz is subject to personal jurisdiction in New Mexico is that he allegedly attended a settlement conference by Zoom in January 2025 in a different case. (ECF No. 272-1, ¶¶ 2–8.)[1] This is not the law.

[1] Plaintiff's failure to address the lack of jurisdiction over Perigrove constitutes a waiver and should result in the dismissal of Perigrove on this basis. *Rock Roofing, LLC v. Travelers Cas. & Surety Co. of Am.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (finding plaintiff's failure to substantively respond to an argument constituted a waiver of the issue).

As an initial matter, the affidavit Plaintiff submits does not state that Lefkowitz traveled to New Mexico, personally transacted business in New Mexico, or took any action in New Mexico giving rise to Plaintiff's claims. It only states that Lefkowitz attended a settlement conference, in a different matter, via Zoom and was the individual with ultimate settlement authority for the case. (ECF No. 272-1, ¶ 7.) That is it.[2]

*Shrader v. Biddinger*, 633 F.3d 1235, 1246-47 (10th Cir. 2011) and *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996) remain controlling on this point. As the Moving Defendants argued in their opening Brief, general personal jurisdiction did not exist when an individual visited Oklahoma for 11 days for business and had a contractual relationship with a plaintiff (*Shrader*) or "often" visited Colorado and conducting a small amount of business there (*Trierweiler*). Here, Lefkowitz attending a single settlement conference via Zoom in an unrelated proceeding does not subject him to general jurisdiction in New Mexico. Plaintiff completely ignores these cases.

Second, appearing for a settlement conference by Zoom in an unrelated matter does not confer specific jurisdiction over Lefkowitz in this matter. Attending a single settlement conference in an unrelated matter is the type of random, fortuitous, or attenuated contact with a forum state that the Supreme Court has held are insufficient to establish specific jurisdiction, and that courts

[2] Plaintiff attempts to bolster his position by claiming that Lefkowitz's Motion contradicts his affidavit. (ECF No. 272, p. 7.) The inclusion of the language in the motion regarding Lefkowitz having sporadically been to New Mexico in his capacity as a corporate representative was a typographical error that was not removed prior to filing the Brief. Lefkowitz has never been to New Mexico as his declaration and the rest of the Brief make clear. (*See, e.g.*, ECF No. 268, p. 11 ("Plaintiff's allegation that Lefkowitz traveled to New Mexico to appear in settlement proceedings related to his business activities is simply not true.").) Lefkowitz is willing to submit an errata sheet or a corrected brief if this Court deems it necessary if the representations as made in this Reply Brief are not sufficient.

specifically rejected. (ECF No. 268, p. 13.) Accordingly, Plaintiff fails to establish that Lefkowitz has sufficient minimum contacts with New Mexico. A Zoom settlement conference appearance in a separate matter in 2025 did not cause, arise from, nor relate to the 2019 events underlying Plaintiff's claims, and no jurisdiction arises from it. *Weisler v. Cmty. Health Sys., Inc.*, 2012 WL 4498919, at *6 (D.N.M. Sept. 27, 2012).

Finally, Plaintiff's reliance on *Martinez v. Ye*, No. A-1-CA-38031, 2021 WL 2652998 (N.M. Ct. App. June 28, 2021) is wholly misplaced. (ECF No. 272, pp. 6–7.) In that case, a California law firm was found to be subject to specific personal jurisdiction in New Mexico where it purposely availed itself of the jurisdiction of New Mexico courts where it solicited the services of a New Mexico law firm and took active control over the New Mexico litigation, including settlement negotiations, by phone and email. The Court found that "since the Ye defendants elected to accept a client whose claims would necessitate representation in New Mexico, and then proceeded to do just that, the burden on the Ye defendants to defend legal malpractice claims in New Mexico is minimal." *Id.* at ¶ 41.

Here, unlike in *Ye*, Plaintiff does not allege that Lefkowitz personally took any conduct specifically directed towards New Mexico, much less conduct that gave rise to the specific claims in this lawsuit. That is, Lefkowitz did no "act by which [he] purposefully avail[ed] [himself] of the privilege of conducting activities [in New Mexico], thus invoking the benefits and protections of its laws." *Id.* at ¶ 18. Instead, the affidavit Plaintiff submits merely identifies a Zoom appearance at a settlement conference in an unrelated proceeding as a corporate representative, which is insufficient to constitute purposeful availment necessary to confer specific personal jurisdiction.

**B. Plaintiff Cannot Impute Corporate Contacts Through Conclusory Alter Ego Allegations.**

Recognizing that there is no avenue for jurisdiction, Plaintiff alternatively seeks to impute Corizon's and CHS TX's contacts to Lefkowitz through an alter-ego theory. (ECF No. 272, pp. 7-8.) But a parent-subsidiary relationship alone does not create personal jurisdiction. *Alto Eldorado Partnership v. Amrep Corp.*, 124 P.3d 585, 596 (N.M. Ct. App. 2005) (as a general matter, "the mere relationship of parent corporation and subsidiary corporation is not in itself a sufficient basis for subjecting both to the jurisdiction of the forum state, where one is a nonresident and is not otherwise present or doing business in the forum state") (cleaned up). Imputation requires facts showing that the alleged parent actually dominated the subsidiary's day-to-day business decisions and disregarded the subsidiary's separate corporate existence. *Alto*, 124 P.3d at 596-97 (holding that where the plaintiffs made a prima facie showing that the parent "did not simply own [the subsidiary]" but in fact "completely controlled it to the point where [the subsidiary] existed as little more than an instrument to serve" the parent's interests, the parent had "minimum contacts with New Mexico [ ] sufficient to satisfy due process concerns").

Plaintiff's assertions that Lefkowitz and Perigrove "controlled" Corizon, failed to observe formalities, or commingled assets are conclusory labels that are insufficient as a matter of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up). Plaintiff's Response hopes to cure this by refencing allegations in bankruptcy proceedings in the Southern District of Texas. But those allegations do not establish conclusively that Perigrove or Lefkowitz directed Corizon's day-to-day New Mexico operations, controlled the care provided in 2019, shared employees or bank accounts with Corizon in a manner sufficient to disregard corporate separateness, or used Corizon as a mere instrumentality for forum-directed conduct. *United States*

*v. Aguirre*, 245 F. App'x 801, 802–03 (10th Cir. 2007) ("Factual allegations in unverified pleadings are not evidence to be considered in a factual inquiry."); *Nat'l Fair Hous. All. v. Brookdale Santa Fe*, 621 F. Supp. 3d 1271, 1280 (D.N.M. 2022) (same, but with adjudicated allegations).

Nor do the materials Plaintiff attaches cure this deficiency. The CHS TX purchase agreement identifies YesCare Corp. as the purchaser of CHS TX and identifies Valitás Intermediate Holdings, Inc. as the seller. (ECF No. 272-2, pp. 1, 3-4.) It does not establish that Lefkowitz or Perigrove was the alter ego of either entity.

Plaintiff then points to the fact YesCare continued to use the same bank accounts as Corizon. Plaintiff merely cites to his Third Amended Complaint as support for that allegation and an unauthenticated email. (ECF No. 272, p. 12; ECF No. 272-4.) But those references do not demonstrate or even reference New Mexico-directed conduct by Lefkowitz or Perigrove. And the fact that a company continued to use the bank account of the company it acquired is neither uncommon nor probative, on its own, on the issue of jurisdiction based on alter ego allegations. *Weisler*, 2012 WL 4498919, at *13.

Plaintiff's references to the deposition testimony of Defendant Heather Barela is similarly unavailing. (ECF No. 272, p. 11; ECF No. 272-3.) All Barela testified to was that there was no change in the way the jail was run "from a medical standpoint." (ECF No. 272-3.) It sheds no light on the issue of whether Lefkowitz or Perigrove are subject to jurisdiction in New Mexico.

Plaintiff has therefore completely failed to establish minimum contacts for either Lefkowitz or Perigrove. Nor has Plaintiff established that the 2019 injury alleged in this action arose from or

relates to any alleged contact by the Moving Defendants, which began only after their alleged 2021 acquisition of Corizon. The Court lacks personal jurisdiction and the Motion should be granted.

## III. PLAINTIFF STILL FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

### A. Veil Piercing Is An Equitable Remedy—Not a Standalone Cause of Action.

Plaintiff concedes that under New Mexico law, veil piercing is an equitable remedy—not an independent cause of action. (ECF No. 272, pp. 8, 15.) That concession alone is dispositive because the Third Amended Complaint asserts "Piercing the Corporate Veil" as a separate count against the Moving Defendants, but an equitable remedy is not an independent cause of action. *Scott v. AZL Res., Inc.*,753 P.2d 897, 900 (N.M. 1988); *Prompt Staffing, Inc. v. United States*, 321 F. Supp. 3d 1157, 1179 n. 14 (C.D. Cal. 2018).

Plaintiff's assertion that the distinction has "no practical meaning" is incorrect. (ECF No. 272, p. 15.) This distinction matters because Plaintiff must first plead a viable underlying claim against the Moving Defendants and then plead facts supporting the equitable remedy he seeks. He has done neither. Plaintiff cannot use Count V to add new parties to an action based on a theory that is not itself an independent substantive claim.

### B. Even if Permitted as an Independent Claim, Plaintiff Fails to Establish the Facts Necessary to Avoid Dismissal.

Even assuming Plaintiff could assert a veil piercing remedy against the Moving Defendants (he cannot), his allegations do not plausibly state such a claim. Plaintiff must plead facts supporting instrumentality or domination, an improper purpose, and proximate cause. (ECF No. 268, 22–27.) The Response does not cure the deficiencies identified in the Motion.

First, Plaintiff does not plead facts establishing that Corizon was a mere instrumentality of Lefkowitz or Perigrove. The relevant inquiry is not ownership alone, common personnel, or allegations that the entities participated in a corporate restructuring. *Weisler*, 2012 WL 4498919, at *12; *see also Alto*, 124 P.3d at 596-97. Rather, the inquiry is whether the alter ego exercised complete domination of finances, policy, and business practice with respect to the challenged transaction, such that the corporation had no separate mind, will, or existence of its own. *Garcia v. Coffman*, 946 P.2d 216, 220 (N.M. Ct. App. 1997) (cleaned up). Plaintiff pleads no specific facts establishing that standard and does not even identify what the "challenged transaction" might be.

Second, Plaintiff fails to plead facts sufficient to establish that the Moving Defendants used Corizon for an improper purpose. At the time that Plaintiff's alleged injuries took place in 2019, Lefkowitz and Perigrove had nothing to do with Corizon, which Plaintiff admits. (ECF No. 246, ¶¶ 5, 79-198.) None of the actions Lefkowitz and Perigrove took impacted Plaintiff directly—his injuries already occurred and lawsuit was filed on May 21, 2021—months before Lefkowitz and a group of investors, through Perigrove, purchased the parent company of Corizon. (ECF No. 268-1, ¶ 3.)

Third, Plaintiff does not plausibly plead that the Moving Defendants' alleged post-acquisition conduct proximately caused the injury asserted in this action. The alleged medical care and death occurred in 2019, before Lefkowitz and Perigrove allegedly acquired Corizon in 2021. (ECF No. 246, ¶¶ 4–6, 35, 79–198; ECF No. 268-1, ¶ 3.) Plaintiff's effort to reframe the alleged inability to collect a potential judgment as a new injury does not change that Count V rests on claims arising from the alleged depletion of Corizon's assets, which belong to the Trusts alone.

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that this Honorable Court grant their Motion and dismiss the Third Amended Complaint as to them in its entirety.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

Date: September 15, 2026

By: */s/ Craig Morgan*

Craig Morgan (Bar No. 165222)
6501 Americas Pwky.
Albuquerque, NM 87110
(505) 431-5100
cmorgan@taftlaw.com
*Attorneys for Moving Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing, which will send notification of such filing to all counsel of record.

/s/ *Arielle Gebhardt*
Arielle Gebhardt